ANDERSON & METCALFE *v* COXE & SHELTON.

Any device, by which a larger amount is sought to be obtained, for the use of money, than the highest rate of conventional interest is usurious and operates as a forfeiture of the advantage thereby sought to be illegally obtained.

The Act of 1852, allowing interest at the rate of five cent. per annum, upon all debts from the time they become due, is applicable only in cases where no stipulation for interest has been made.

APPEAL from the District Court of the parish of Franklin, *Barry, J. Morrison,* for plaintiffs and appellants *Ramage & Jones,* for defendants.

LEA, J. This is a suit upon a promissory note given for a balance due upon a factor's account, including an advance of $1,000 in addition to the amount due upon the account.

The defendants deny the advance of $1,000, plead usury and claim credit for the proceeds of seventy-five bales of cotton shipped to the plaintiffs, of which shipment, as defendants aver, they had received no account of sales; also for the sum of $1787 44, received from Messrs. *Kendall, Carter & Co.,* for account of defendants. This last credit has been allowed by the judgment appealed from, and the plaintiffs assent to the correctness of the deduction. The proceeds of the seventy-five bales of cotton were improperly imputed to the payment of the note, as before its maturity, the proceeds had been credited to the defendants in their running account with the plaintiffs.

It is admitted, that the interest upon the note was usurious. It must therefore be deducted ; the charges for advancing were under the circumstances also usurious, and were, therefore, properly disallowed. Any de vice by which a larger amount is sought to be obtained for the use of money, than the highest rate of conventional interest, is usurious, and operates as a forfeiture of the advantage thus sought to be illegally obtained.

It is urged, that although the usurious interest should be disallowed as such, the plaintiffs are nevertheless entitled to legal interest under the provisions of the Act of 1852, allowing interest at the rate of five per centum upon all debts from the time they become due. See Act of 1852, p. 95.

When we consider the policy of our laws prohibiting usury, together with the provisions of the Statute of 1844, we think the plaintiffs' claim for legal interest is, under the circumstances, inadmissable. See 2 Ann. 363. The Act of 1852 is applicable only in cases where no stipulation for interest has been made. After making the deductions and imputations of payment recognized in the foregoing opinion, viz., $559 75, for usurious interest and commissions for advancing ; $1,140 93, being the proceeds of the seventy-five bales of cotton after the payment of the account for $903 66, advanced upon the cotton, and the further sum of $1,787 44, received by the plaintiffs from *Kendall, Carter & Co.,* for account of the defendants, the plaintiffs would be entitled to a judgment for $1,461 88, without interest.

It is ordered, that the judgment appealed from be reversed, and that the plaintiffs, *Anderson & Metcalfe,* do have and recover of the defendants, *Charles P. Coxe* and *Caroline M. Shelton,* administratrix of the succession of *John M. Shelton, in solido,* the sum of $1,461 88, without interest; said judgment, so far as it effects the estate of *John M. Shelton,* to be paid in due course of administration, according to law. It is further ordered, that the defendants and appellees pay costs in both courts.